**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROBERT LEE ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | )   **Civil Action No. 2:07-cv-90-ID-WC** |
| | ) |
| **WILLIE VAUGHNER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' SPECIAL REPORT AND ANSWER**

COME NOW Willie Vaughner, Sheriff of Lowndes County, Alabama, and Lowndes County, Alabama Sheriff's Office Correctional Officers Lieutenant Jeanetta Cottrell, Captain Laura Gresham, Sergeant Lakisha Bolling, and Lowndes County Sheriff's Deputy Investigator Lenny Lee, the Defendants in the above-styled cause, and, in response to the Plaintiff's Complaint, submit their Special Report and Answer to the Court.

## I.   INTRODUCTION

The Plaintiff in this action, Robert Lee Allen, has been incarcerated on more than one occasion in the Lowndes County Jail. The incarceration from which his lawsuit arises began on August 8, 2006 when he was arrested for Receiving Stolen Property in the First Degree. The Plaintiff was released from the Lowndes County Jail on October 10, 2007 to the custody of the Autauga County Sheriff's Office due to the fact that a "hold" had been placed upon him by the district court of Autauga County, Alabama due to criminal charges brought against him there. The Plaintiff was returned to the Lowndes County Jail in January, 2007. See Exhibit 1, Alabama Uniform Arrest Report, Consolidated Appearance Bond, Request for Hold, Order for Inmate Return, and Alabama Uniform Arrest Report noting Release.

## II.    PLAINTIFF'S ALLEGATIONS

The Plaintiff in this matter alleges that the above Defendants violated his constitutional rights by searching and reading his legal mail, subjecting him to an excessive use of force, denying him a right to proper medical attention, denying him access to the courts by preventing him from utilizing notary and copy services of the Sheriff's Office, and that the Plaintiff was placed in isolation or disciplinary segregation without reason.

## III.   DEFENDANTS' RESPONSE TO THE PLAINTIFF'S ALLEGATIONS

It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to medical care comparable to that available to citizens in the surrounding community and that their physical and mental health care needs be provided for during the time they are incarcerated.  In order to facilitate this goal, Lowndes County, Alabama employs a nursing service which staffs the Lowndes County, Alabama Jail with nurses either present at the facility, or on call, on a continuous basis.  Inmates may, at any time, make requests for medical care.  All inmate requests for medical care are forwarded to the jail nurse, who makes all decisions regarding further treatment.  Should additional treatment be required, the nurse gives directions to the Jail Administrator, Captain Laura Gresham, in order that an appointment may be made with an outside physician.  Inmates are routinely transported to such appointments.  (See Affidavit of Captain Laura Gresham, "Gresham Aff.")

In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail.  After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed.  (See Gresham Aff.)

2

At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors. No member of the jail staff is allowed to make any type of medical decisions for the inmates. When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff. Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider. The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication. (See Gresham Aff.)

It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs. (See Gresham Aff.)

It is the policy of the Lowndes County Sheriff's Office that force be used in the Lowndes County, Alabama Jail only to the extent necessary to control persons who present a threat to correctional officers, other inmates, the public, or themselves, or who threaten the orderly operation of the jail facility. When force is used, members of the jail staff, or, as appropriate, officers who are called to the jail to deal with problems or potential problems, are to use the minimum amount of force necessary to resolve the situation. Force is used on a sliding scale, with the beginning of any confrontation being conducted by trying to reason with an inmate; thereafter, other methods of force may be used, as appropriate, should the inmate escalate his

behavior, or refuse to follow directions.  (<u>See</u> Affidavit of Sheriff Willie Vaughner, "Vaughner Aff."; and Gresham Aff.)

It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be allowed access to the mail system in order that they may communicate with their families, attorneys, and others.  All "legal" mail to and from courts or attorneys is subject to search by members of the jail staff, but officers are prohibited from reading the contents of such mail.  (<u>See</u> Gresham Aff.)

It is the policy of the Lowndes County Sheriff's Office that, whenever possible, such mail coming into the Lowndes County Jail be opened, but not read, in front of the inmate to whom it is addressed, or allow the inmate himself, in the presence of a correctional officer, to open the mail.  Other mail is subject to being opened, searched, and read.  These procedures are necessary in order to prevent the introduction of contraband into the jail.  (<u>See</u> Vaughner Aff.; Gresham Aff.)

It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to the courts, including notary services.  Inmates are allowed to forward mail to the courts at any time, and notary services are provided to them free of charge.  Captain Laura Gresham is, herself, a notary, and provides such services to inmates, as requested.  (<u>See</u> Gresham Aff.)

Lowndes County Sheriff's Office operates the Lowndes County Jail in a manner in which the inmates incarcerated there know the jail rules, and know the consequences of violation of the rules.  Should an inmate violate jail rules, or attempt to disrupt the orderly operation of the facility, he or she may be disciplined, including segregating that inmate from the remainder of the jail population.  In addition, cells are available for administrative segregation for inmates

who present temporary problems which do not rise to the level of requiring disciplinary charges to be brought against them.  (See Gresham Aff.)

The Plaintiff claims that, during his incarceration in Lowndes County, Alabama, he was subjected to an excessive use of force, and his mail was searched and read by members of the jail staff.  Both of these allegations arise out of the same incident.

On January 22, 2007, members of the jail staff attempted to move Mr. Allen from the cell where he was incarcerated, to another cell in the jail.  Mr. Allen refused to make this move, and members of the jail staff had to call on Sheriff's deputies to assist them at the jail in order to move the Plaintiff.  Sheriff Willie Vaughner and Investigator Lenny Lee came to the jail on that date.  Officer Lee was familiar with Mr. Allen because he had participated in Mr. Allen's arrest.  During that arrest, Investigator Lee observed Allen assault several officers with an automobile while attempting to flee from deputies in a stolen vehicle.  Therefore, as Investigator Lee approached Mr. Allen that day, he did so with caution.  (See Affidavit of Investigator Lenny Lee, "Lee Aff.")

Officer Lee arrived at the Lowndes County Jail between 1:30 and 2:00 p.m. on January 22, 2007.  After being confronted by Officer Lee, Lieutenant Jeanetta Cottrell, and Sergeant Lakisha Bolling, Inmate Allen complied with orders, and was escorted by these officers from the dormitory area of the jail to a holding cell in the booking area.  Mr. Allen was being moved from the cell in the dorm area due to the fact that he had damaged a window and a light fixture in cell 8-4.  Before being moved, Allen was allowed to gather his possessions into a storage bin, and

carry these with him to the booking area.  (See Lee Affidavit; Affidavit of Lieutenant Jeanetta Cottrell, "Cottrell Aff."; Affidavit of Lakisha Bolling, "Bolling Aff."[1])

Once Allen arrived in the booking area, he was instructed to place his belongings onto the floor due to the fact that officers feared that his storage container might contain a "shank" or other jail-made weapon.  He was also told to proceed into holding cell B-K3.  Initially, Mr. Allen proceeded toward cell B-K3 as instructed, but stopped a few steps short of the door and turned around in an attempt to go back to his personal property, which was then sitting on the floor. Officer Lee then advised Mr. Allen to go into the holding cell.  Allen refused to obey Officer Lee's instruction, and Officer Lee, once again, told him to go into the holding cell.  At that point Mr. Allen started to reach toward his property box.  Officer Lee, observing Mr. Allen's movements, drew his "taser" device, showed it to Mr. Allen, and again instructed him to step away from the box and go into the cell.  Allen, at that point, began to argue about some type of legal papers that were in his possession.  In an abundance of caution, Officer Lee turned on his taser and held it at the ready position.  Apparently, Mr. Allen observed these actions, and decided to make no further resistance, because he proceeded into his cell.  After he went inside, the door was locked.  (See Lee Aff.; Exhibit 2, Lowndes County Sheriff's Office Incident Report.)

Though a taser device was activated during the attempt to make Mr. Allen go into a holding cell, at no time was the device deployed, or used in any way, against Mr. Allen.  In fact, no force of any kind was used against Mr. Allen at any time during this incident.  To the best of Defendants' knowledge, no one even touched Mr. Allen during this entire process.  The mere threat of force, rather than the use of force itself, caused Mr. Allen to comply with the officers' orders.  (See Lee Aff.; Vaughner Aff.; Gresham Aff.; and Ex. 2.)

---

[1]  Due to a death in her family, Sergeant Bolling was unavailable to execute her Affidavit; thus, her Affidavit is being submitted unsigned.  Her fully executed Affidavit will be submitted to the Court for substitution as early as possible.

6

After Mr. Allen had been placed in the holding cell, Officers Cottrell and Bolling took his property box to the property room where any appropriate items could be stored. Officers looked through the box to be sure that no weapons were present, and, when they were satisfied that this was so, it was determined that Mr. Allen could have his property back after he calmed down. Contrary to the assertions in the Plaintiff's Complaint, Officers never took the property box to the nurse's area, and never read any contents of any mail, legal or otherwise, that was in Allen's property box. (See Cottrell Aff.; Bolling Aff.)

With regard to the Plaintiff's allegation that he was denied medical treatment, Defendants are unaware of any time that Inmate Allen was prevented from receiving necessary medical care. Inmate Allen, on numerous occasions, presented request forms to members of the jail staff concerning different medical issues. Each time, these request forms were forwarded to a member of the jail's medical staff, and Mr. Allen received care which was appropriate for the particular problem he may have had. Members of the jail staff have, in no way, interfered with the decisions of medical personnel with regard to the type, quantity, or frequency of treatment of Mr. Allen, or, for that matter, any other inmate. (See Exhibit 3, Inmate Request Forms; Gresham Aff.)

During his incarceration in the Lowndes County Jail, Robert Allen was, on one occasion, given a prescription by his treating physician at the Autaugaville Family Health Center. On that occasion, the medication Doxepin was obtained for him and distributed to him according to his doctor's directions. The doctor also recommended that he receive an over-the-counter medication, Metamucil. No prescription was filled for this medication due to the fact that, as it is an over-the-counter medication, it was present at the Lowndes County Jail already. This medication was also distributed to Mr. Allen according to his doctor's directions. (See Exhibit 4; Gresham Aff.)

7

Inmate Allen complains that he was denied notary and copy services for legal documents during the time he was incarcerated in the Lowndes County Jail.

Officer Laura Gresham remembers Robert Allen, on one occasion, asking for notary services. At that time, she informed Mr. Allen that she could not notarize his document at that time due to the fact that her notary certification had expired. She informed him that she was being re-certified, and would notarize the documents for him if he would make a request at a later time. Allen never made an additional request, or asked that another source be found for notarizing his document. (See Gresham Aff.)

Members of the jail staff frequently make copies for inmates of legal or other documents. Captain Laura Gresham remembers that, on one occasion, Inmate Allen requested that some documents be copied. She informed him that, at that time, the jail's copy machine was out of order, but would be repaired shortly. Inmate Allen never requested again to have documents copied, and did not follow up with the initial request, or seek another source for his copies. (See Gresham Aff.)

The Plaintiff complains, in addition to the above, that he was placed in isolation without any type of disciplinary order. His Complaint appears to state that he was placed there for an indefinite period of time, which, at the time of his writing, exceeded three or four weeks. The Plaintiff's allegations are simply untrue. On the date of the incident referenced above, January 22, 2007, Inmate Allen was taken from the dormitory area of the jail and placed in a holding cell. This was due to the fact that he had consistently misbehaved in the dormitory area, was disorderly, and was causing numerous disruptions. Officer Gresham reported these disruptions, in addition to the disruption of the light fixture and damage to the window to Sheriff Willie Vaughner. Sheriff Vaughner ordered that Allen be moved to a

holding cell for administrative segregation until he agreed to comply with jail rules. (<u>See</u> Gresham Aff.; Vaughner Aff.)

Inmate Allen was placed in administrative segregation in a holding cell of the Lowndes County Jail on January 22, 2007. After speaking with members of the jail staff, he agreed to modify his behavior, and returned to jail population within two days of the time he was placed in administrative segregation. No disciplinary charges were brought against Inmate Allen, and no disciplinary action was taken against him. A decision was made by the Sheriff to not charge Mr. Allen with destruction of county property, due to the fact that it would have kept him incarcerated in Lowndes County for a longer period of time when, otherwise, Mr. Allen could be transferred to another facility. (<u>See</u> Gresham Aff.; Vaughner Aff.)

It is the policy of the Lowndes County Sheriff's Office that members of the jail staff receive and answer any written grievances made by inmates. Inmates may, at any time, submit grievances to members of the jail staff, in writing. The jail staff is charged with the responsibility of receiving and forwarding these forms to the appropriate authority, and the officer receiving the request must answer the request, if possible. (<u>See</u> Gresham Aff.)

All inmates are informed of the grievance procedure at the time they are booked into the jail, and, in addition, are given a copy of the jail's rules and regulations for inmates. (<u>See</u> Gresham Aff.)

The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. (<u>See</u> Ex. 3 and Exhibit 5.) All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. No Defendant in this action remembers receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint.

Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.   (See Gresham Aff.; Vaughner Aff.; Lee Aff.; Cottrell Aff.; Bolling Aff.)

The Defendants in this matter, Lowndes County, Alabama Sheriff Willie Vaughner, and Lowndes County, Alabama Sheriff's Office Correctional Officers Lieutenant Jeanetta Cottrell, Captain Laura Gresham, Sergeant Lakisha Bolling, and Lowndes County Sheriff's Deputy Investigator Lenny Lee, deny that they have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.   (See Gresham Aff.; Vaughner Aff.; Lee Aff.; Cottrell Aff.; Bolling Aff.)

## IV.    LAW

### A.    ALL CLAIMS BY PLAINTIFF AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST FAIL BASED ON ELEVENTH AMENDMENT IMMUNITY AND BECAUSE THEY ARE NOT "PERSONS" UNDER 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution.   Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a <u>person</u>, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Any claims against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983, and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted.  <u>Id.</u>; <u>Carr</u>, 916 F.2d at 1525 n.3 (11th Cir. 1990).

**B.    PLAINTIFF'S FAILURE TO COMPLY WITH THE PRISON LITIGATION REFORM ACT BARS THE COMPLAINT.**

**1.    Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e (a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the Lowndes County Detention Center.  Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment.  <u>See</u> <u>Brown v. Tombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).  Despite the availability of a grievance procedure at the Lowndes County Detention Center, Plaintiff did not file a grievance with the Lowndes County Detention Facility.

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to <u>Ala. Code</u> § 41-9-60.  The Sheriff of Lowndes County is a state officer, as are his alter egos, and therefore would be entitled to sovereign immunity.  <u>See</u> <u>Lancaster v. Monroe</u>

11

County, 116 F.3d 1419, 1429 (11th Cir. 1998).  Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).[2]

> **2.    Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions.  The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.  42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant.  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated,

---

[2] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

197 F.3d (11th Cir. 1999), reinstated in relevant part, <u>Harris v. Garner</u>, 216 F.3d 970 (11th Cir.

2000) (en banc).  In the present action, Plaintiff suffered <u>no</u> physical injury as a result of the

allegations described in his Complaint.  (<u>See</u> Plaintiff's Compl.)  Further, Plaintiff's Complaint

fails to allege that he suffered an injury.  As a result, the case is due to be dismissed pursuant to

42 U.S.C § 1997e(e).

### C. ALTERNATIVELY, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE NOTHING IN THEIR CONDUCT CROSSED A "BRIGHT LINE" CONTOUR OF CLEARLY ESTABLISHED CONSTITUTIONAL LAW.

Defendants were acting within their discretionary authority as Sheriff and Detention

Center officials of Lowndes County during all times relevant to Plaintiff's Complaint because all

their actions were taken in the furtherance of their job duties.  <u>See, e.g.</u> <u>Holloman ex rel.</u>

<u>Holloman v. Harland</u>, 370 F.3d 1252 (11th Cir. 2004).  Once a defendant has asserted the

defense of qualified immunity and shown that he was acting within his discretionary authority,

the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true,

establish a constitutional violation.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  This initial

inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the

facts alleged show the officer's conduct violated a constitutional right?"  <u>Id.</u> (citing <u>Siegert v.</u>

<u>Gilley</u>, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a constitutional violation is stated,

were these rights "clearly established" to the degree that these Defendants had "fair warning"

that their conduct violated the plaintiff's constitutional rights?  <u>Willingham v. Loughnan</u>, 321

F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly

established as being violative of constitutional dictates, the reviewing court must examine the state

of law at the time the alleged deprivation occurred.  <u>See</u> <u>Rodgers v. Horsley</u>, 39 F.3d 308, 311 (11th

Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>Lancaster</u>, 116 F.3d at 1424.  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."  <u>Jenkins v. Talladega Bd. of Educ.</u>, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful.  He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law.  <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted).  The Eleventh Circuit has identified the latter method as an "obvious clarity" case.  <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent."  <u>Willingham</u>, 321 F.3d at 1301.  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit."  <u>Storck</u>, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

### 1.     Excessive Force

The standard used in analyzing excessive force claims based on the Fourteenth Amendment has been described by the United States Supreme Court as follows:  "whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose

of causing harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1984); <u>Bozeman v. Orum</u>, 422 F.3d

125 (11th Cir. 2005).  In <u>Hudson v. McMillian</u>, the United States Supreme Court reasoned:

> [C]orrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmate. . . .  Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

503 U.S. 1, 6 (1992) (citations omitted).  The factors to be considered in evaluating whether the

use of force was wanton and unnecessary include: 1) the need for application of force; 2) the

relationship between the need and the amount of force used; 3) the threat reasonably perceived

by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5)

the extent of the injury suffered by the inmate.  <u>Whitley v. Albers</u>, 475 U.S. at 1085.

"The infliction of pain in the course of a prison security measure . . . does not amount to

cruel and unusual punishment simply because it may appear in retrospect that the degree of force

authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict

sense." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).[3]  In evaluating the challenged conduct of

jail officials, a court must keep in mind the paramount concerns of maintaining order and

discipline in an often dangerous and unruly environment.  <u>Ort v. White</u>, 813 F.2d 318, 322 (11th

Cir. 1987).

> Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. . . . That deference extends to prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

---

[3] The Supreme Court of the United States has recognized that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive force claim in a prison context).

<u>Whitley</u>, 475 U.S. at 321-22.  "[T]he courts give great deference to the actions of prison officials in applying prophylactic or preventive measures intended to reduce the incidence of riots and other breaches of prison discipline."  <u>Williams v. Burton</u>, 943 F.2d 1572, 1576 (11th Cir. 1991).  "When the 'ever-present potential for violent confrontation and conflagration,' . . . ripens into *actual* unrest and conflict, the admonition that 'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators,' . . . carries special weight."  <u>Whitley</u>, 475 U.S. at 321 (emphasis in original).  In <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986), the court held that the "shooting [of an inmate in the leg] was part and parcel of a good-faith effort to restore prison security . . . [and] did not violate respondent's Eighth Amendment right to be free from cruel and unusual punishments."

In the instant case, no physical contact occurred and there is no evidence that any physical force, of any kind, was used against the Plaintiff.  In addition, the Plaintiff has not alleged that he sustained any injury as a result of any type of physical force.

Even if force had been used, the Plaintiff was acting belligerently and continued to refuse to comply with the orders of the jail staff.  Such malfeasance clearly presented a threat to the security of the institution and warranted the alleged force.  Even if, in hindsight, physical force was unnecessary, it does not rise to the level of a constitutional violation.  <u>See, e.g.</u>, <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989) ("[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."; <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive force claim in a prison context).

### 2.    Medical Claims

In order to prevail under 42 U.S.C. § 1983 on his medical claim, Plaintiff must demonstrate that the Defendant was deliberately indifferent to a serious medical condition.

Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence"). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Defendants assume for purposes of their motion for summary judgment that Plaintiff had a serious medical condition. However, Plaintiff was treated by the jail nurse as well as the jail medical doctor during his incarceration. Plaintiff was given his prescribed medications according to his physician's directions.

An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Mass. Gen'l Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*") (emphasis added). This Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)

(stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, the Defendants do not have any kind of medical education, training or experience.  They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates.  While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim.  In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[4] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea.  302 F.3d at 847.  Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations.  "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."  302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).  Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription."  Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000).  Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision.  Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

---

[4] The medical director was a trained and licensed nurse.  302 F.3d at 846.

302 F.3d at 849.  In addition, the jail staff, including the Defendants, are entitled to rely upon the judgments of the jail's medical staff in deciding what treatment, if any, should be rendered to inmates.  See Williams v. Limestone County, Ala., 198 Fed. Appx. 893 (11th Cir. 2006); Hill v. May, et al., Case No. 3:06-cv-1763-RDP (N.D. Ala.), Memorandum Opinion (Doc. 26), p. 20.

In the instant case, the evidence shows that Plaintiff was treated by the jail nurse and a medical doctor.  The Defendants, who are not trained and/or licensed medical providers, are in no way responsible for second-guessing the judgments of nurses and doctors and did not do so.  Therefore, the Defendants are entitled to qualified immunity from Plaintiff's claims.

### D.    SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant.  Greason, 891 F.2d 829, 831 (11th Cir. 1990).  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only reasonable inferences with a foundation in the record inure to the non-movant's benefit.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[5]  "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"  Marsh v. Butler County, 268 F.3d 1014,

---

[5] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'"  Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

1036 n.16 (11th Cir. 2001) (en banc) quoting <u>Mass. Sch. of Law v. American Bar</u>, 142 F.3d 26, 40 (1st Cir. 1998).

## V.    <u>ANSWER</u>

The Defendants in this action deny each and every allegation made by the Plaintiff against them.   In addition, Defendants assert the affirmative defenses of qualified immunity regarding the Plaintiff's federal law claims against them, and, insofar as the Plaintiff's Complaint may be construed to make claims against them pursuant to Alabama law, they assert the defense of sovereign immunity to such claims.

## VI.    <u>CONCLUSION</u>

The Defendants deny each and every allegation made by Plaintiff in his Complaint.   The Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## VII.    <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

**s/Daryl L. Masters**
DARYL L. MASTERS, Bar No. MAS018
Attorney for Defendants
WEBB & ELEY, P.C.
Post Office Box 240909
7475 Halcyon Pointe Dr. (36117)
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  rrobertson@webbeley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the **4th day of May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Robert Lee Allen
Autauga Metro Jail
136 North Court Street
Prattville, AL  36067-3002


**s/Daryl L. Masters**
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 2:07-cv-90-ID-WC |
| | ) | |
| WILLIE VAUGHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF WILLIE VAUGHNER

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Willie Vaughner, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Willie Vaughner.  I am over the age of nineteen and competent to make this affidavit.  I am the duly elected Sheriff of Lowndes County, Alabama and was serving as such at the time of the incident made the basis of the Plaintiff's Complaint.

2.      It is the policy of the Lowndes County Sheriff's Office that force be used in the Lowndes County, Alabama Jail only to the extent necessary to control persons who present a threat to correctional officers, other inmates, the public, or themselves, or who threaten the orderly operation of the jail facility.  When force is used, members of the jail staff, or, as appropriate, officers who are called to the jail to deal with problems or potential problems, are to use the minimum amount of force necessary to resolve the situation.  Force is used on a sliding

scale, with the beginning of any confrontation being conducted by trying to reason with an inmate; thereafter, other methods of force may be used, as appropriate, should the inmate escalate his behavior, or refuse to follow directions.

3.    It is the policy of the Lowndes County Sheriff's Office that, whenever possible, such mail coming into the Lowndes County Jail be opened, but not read, in front of the inmate to whom it is addressed, or allow the inmate himself, in the presence of a correctional officer, to open the mail. Other mail is subject to being opened, searched, and read. These procedures are necessary in order to prevent the introduction of contraband into the jail.

4.    Though a taser device was activated during the attempt to make Mr. Allen go into a holding cell, at no time was the device deployed, or used in any way, against Mr. Allen. In fact, no force of any kind was used against Mr. Allen at any time during this incident. To my knowledge, no one even touched Mr. Allen during this entire process. The mere threat of force, rather than the use of force itself, caused Mr. Allen to comply with the officers' orders.

5.    The Plaintiff complains, in addition to the above, that he was placed in isolation without any type of disciplinary order. His Complaint appears to state that he was placed there for an indefinite period of time, which, at the time of his writing, exceeded three or four weeks. The Plaintiff's allegations are simply untrue. On the date of the incident referenced above, January 22, 2007, Inmate Allen was taken from the dormitory area of the jail and placed in a holding cell. This was due to the fact that he had consistently misbehaved in the dormitory area, was disorderly, and was causing numerous disruptions. Officer Gresham reported these disruptions, in addition to the disruption of the light fixture and damage to the window to me. I ordered that Allen be moved to a holding cell for administrative segregation until he agreed to comply with jail rules.

2

6.    Inmate Allen was placed in administrative segregation in a holding cell of the Lowndes County Jail on January 22, 2007. After speaking with members of the jail staff, he agreed to modify his behavior, and returned to jail population within two days of the time he was placed in administrative segregation. No disciplinary charges were brought against Inmate Allen, and no disciplinary action was taken against him. I made a decision to not charge Mr. Allen with destruction of county property, due to the fact that it would have kept him incarcerated in Lowndes County for a longer period of time when, otherwise, Mr. Allen could be transferred to another facility.

7.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

8.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

9.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

10.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

11.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
WILLIE VAUGHNER

SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

_____
NOTARY PUBLIC
My Commission Expires: April 6, 2010

(SEAL)

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 2:07-cv-90-ID-WC** |
| | ) | |
| **WILLIE VAUGHNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF LAURA GRESHAM

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LOWNDES** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Laura Gresham, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Laura Gresham.  I serve as the Jail Administrator for the Lowndes County, Alabama Jail and was serving in that capacity at the time of the incident made the basis of the Plaintiff's Complaint.  I am over the age of nineteen and competent to make this affidavit.

2.     It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to medical care comparable to that available to citizens in the surrounding community and that their physical and mental health care needs be provided for during the time they are incarcerated.  In order to facilitate this goal, Lowndes County, Alabama employs a nursing service which staffs the Lowndes County, Alabama Jail with nurses either present at the facility, or on call, on a continuous basis.  Inmates may, at any time, make requests for medical care.  All inmate requests for medical care are forwarded to the

jail nurse, who makes all decisions regarding further treatment. Should additional treatment be required, the nurse gives directions to me, as the Jail Administrator, in order that an appointment may be made with an outside physician. Inmates are routinely transported to such appointments.

3.      In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail. After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed.

4.      At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors. No member of the jail staff is allowed to make any type of medical decisions for the inmates. When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff. Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider. The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication.

5.      It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs.

2

6.    It is the policy of the Lowndes County Sheriff's Office that force be used in the Lowndes County, Alabama Jail only to the extent necessary to control persons who present a threat to correctional officers, other inmates, the public, or themselves, or who threaten the orderly operation of the jail facility.   When force is used, members of the jail staff, or, as appropriate, officers who are called to the jail to deal with problems or potential problems, are to use the minimum amount of force necessary to resolve the situation.  Force is used on a sliding scale, with the beginning of any confrontation being conducted by trying to reason with an inmate; thereafter, other methods of force may be used, as appropriate, should the inmate escalate his behavior, or refuse to follow directions.

7.    It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be allowed access to the mail system in order that they may communicate with their families, attorneys, and others.  All "legal" mail to and from courts or attorneys is subject to search by members of the jail staff, but officers are prohibited from reading the contents of such mail.

8.    It is the policy of the Lowndes County Sheriff's Office that, whenever possible, such mail coming into the Lowndes County Jail be opened, but not read, in front of the inmate to whom it is addressed, or allow the inmate himself, in the presence of a correctional officer, to open the mail. Other mail is subject to being opened, searched, and read.  These procedures are necessary in order to prevent the introduction of contraband into the jail.

9.    It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to the courts, including notary services.  Inmates are allowed to forward mail to the courts at any time, and notary services are provided to them free of charge. I am a notary and I provide such services to inmates, as requested.

3

10.    Lowndes County Sheriff's Office operates the Lowndes County Jail in a manner in which the inmates incarcerated there know the jail rules, and know the consequences of violation of the rules. Should an inmate violate jail rules, or attempt to disrupt the orderly operation of the facility, he or she may be disciplined, including segregating that inmate from the remainder of the jail population. In addition, cells are available for administrative segregation for inmates who present temporary problems which do not rise to the level of requiring disciplinary charges to be brought against them.

11.    Though a taser device was activated during the attempt to make Mr. Allen go into a holding cell, at no time was the device deployed, or used in any way, against Mr. Allen. In fact, no force of any kind was used against Mr. Allen at any time during this incident. To the best of my knowledge, no one even touched Mr. Allen during this entire process. The mere threat of force, rather than the use of force itself, caused Mr. Allen to comply with the officers' orders.

12.    With regard to the Plaintiff's allegation that he was denied medical treatment, I am unaware of any time that Inmate Allen was prevented from receiving necessary medical care. Inmate Allen, on numerous occasions, presented request forms to members of the jail staff concerning different medical issues. Each time, these request forms were forwarded to a member of the jail's medical staff, and Mr. Allen received care which was appropriate for the particular problem he may have had. Neither I, nor any member of the jail staff, have, in any way, interfered with the decisions of medical personnel with regard to the type, quantity, or frequency of treatment of Mr. Allen, or, for that matter, any other inmate.

13.    During his incarceration in the Lowndes County Jail, Robert Allen was, on one occasion, given a prescription by his treating physician at the Autaugaville Family Health Center. On that occasion, the medication Doxepin was obtained for him and distributed to him

4

according to his doctor's directions. The doctor also recommended that he receive an over-the-counter medication, Metamucil. No prescription was filled for this medication due to the fact that, as it is an over-the-counter medication, it was present at the Lowndes County Jail already. This medication was also distributed to Mr. Allen according to his doctor's directions.

14.    I remember Robert Allen, on one occasion, asking for notary services. I informed Mr. Allen that I could not notarize his document at that time due to the fact that my notary certification had expired. I told him that I was being re-certified, and would notarize the documents for him if he would make a request at a later time. Allen never made an additional request, or asked that another source be found for notarizing his document.

15.    Members of the jail staff frequently make copies for inmates of legal or other documents. I remember that, on one occasion, Inmate Allen requested that some documents be copied. I told him that, at that time, the jail's copy machine was out of order, but would be repaired shortly. Inmate Allen never requested again to have documents copied, and did not follow up with the initial request, or seek another source for his copies.

16.    The Plaintiff complains, in addition to the above, that he was placed in isolation without any type of disciplinary order. His Complaint appears to state that he was placed there for an indefinite period of time, which, at the time of his writing, exceeded three or four weeks. The Plaintiff's allegations are simply untrue. On the date of the incident referenced above, January 22, 2007, Inmate Allen was taken from the dormitory area of the jail and placed in a holding cell. This was due to the fact that he had consistently misbehaved in the dormitory area, was disorderly, and was causing numerous disruptions. I reported these disruptions, in addition to the disruption of the light fixture and damage to the window to Sheriff Willie Vaughner. Sheriff Vaughner ordered that Allen be moved to a holding cell for administrative segregation until he agreed to comply with jail rules.

17.    Inmate Allen was placed in administrative segregation in a holding cell of the Lowndes County Jail on January 22, 2007. After speaking with members of the jail staff, he agreed to modify his behavior, and returned to jail population within two days of the time he was placed in administrative segregation. No disciplinary charges were brought against Inmate Allen, and no disciplinary action was taken against him. A decision was made by the Sheriff to not charge Mr. Allen with destruction of county property, due to the fact that it would have kept him incarcerated in Lowndes County for a longer period of time when, otherwise, Mr. Allen could be transferred to another facility.

18.    It is the policy of the Lowndes County Sheriff's Office that members of the jail staff receive and answer any written grievances made by inmates. Inmates may, at any time, submit grievances to members of the jail staff, in writing. The jail staff is charged with the responsibility of receiving and forwarding these forms to the appropriate authority, and the officer receiving the request must answer the request, if possible.

19.    All inmates are informed of the grievance procedure at the time they are booked into the jail, and, in addition, are given a copy of the jail's rules and regulations for inmates.

20.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

21.    I deny that they have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

6

22.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

23.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

24.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
LAURA GRESHAM


SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.


_____
NOTARY PUBLIC          My Commisssion Expires May 19, 2008
My Commission Expires: _____

(SEAL)

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 2:07-cv-90-ID-WC |
| | ) | |
| WILLIE VAUGHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF LENNY LEE

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Lenny Lee, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Lenny Lee.  I serve as an Investigator for the Lowndes County, Alabama Sheriff's Office and was serving in that capacity at the time of the incident made the basis of the Plaintiff's Complaint.  I am over the age of nineteen and competent to make this affidavit.

2.    On January 22, 2007, members of the jail staff attempted to move Mr. Allen from the cell where he was incarcerated, to another cell in the jail.  Mr. Allen refused to make this move, and members of the jail staff had to call on Sheriff's deputies to assist them at the jail in order to move the Plaintiff.  Sheriff Willie Vaughner and I came to the jail on that date.

I was familiar with Mr. Allen because I had participated in Mr. Allen's arrest. During that arrest, I observed Allen assault several officers with an automobile while attempting to flee from deputies in a stolen vehicle. Therefore, as I approached Mr. Allen that day, I did so with caution.

3.      I arrived at the Lowndes County Jail between 1:30 and 2:00 p.m. on January 22, 2007. After Lieutenant Jeanetta Cottrell, Sergeant Lakisha Bolling, and I confronted Inmate Allen, he complied with orders, and we escorted him from the dormitory area of the jail to a holding cell in the booking area. Mr. Allen was being moved from the cell in the dorm area due to the fact that he had damaged a window and a light fixture in cell 8-4. Before being moved, Allen was allowed to gather his possessions into a storage bin, and carry these with him to the booking area.

4.      Once Allen arrived in the booking area, he was instructed to place his belongings onto the floor due to the fact that officers feared that his storage container might contain a "shank" or other jail-made weapon. He was also told to proceed into holding cell B-K3. Initially, Mr. Allen proceeded toward cell B-K3 as instructed, but stopped a few steps short of the door and turned around in an attempt to go back to his personal property, which was then sitting on the floor. I then advised Mr. Allen to go into the holding cell. Allen refused to obey my instruction, and I, once again, told him to go into the holding cell. At that point Mr. Allen started to reach toward his property box. Observing Mr. Allen's movements, I drew my "taser" device, showed it to Mr. Allen, and again instructed him to step away from the box and go into the cell. Allen, at that point, began to argue about some type of legal papers that were in his possession. In an abundance of caution, I turned on my taser and held it at the ready position. Apparently, Mr. Allen observed these actions, and decided to make

2

no further resistance, because he proceeded into his cell. After he went inside, the door was locked.

5.    Though a taser device was activated during the attempt to make Mr. Allen go into a holding cell, at no time was the device deployed, or used in any way, against Mr. Allen. In fact, no force of any kind was used against Mr. Allen at any time during this incident. To my knowledge, no one even touched Mr. Allen during this entire process. The mere threat of force, rather than the use of force itself, caused Mr. Allen to comply with the officers' orders.

6.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

7.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

8.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

9.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

3

10.     I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

LENNY LEE

SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

NOTARY PUBLIC
My Commission Expires: April 6, 2010

(SEAL)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 2:07-cv-90-ID-WC** |
| | ) | |
| **WILLIE VAUGHNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF JEANETTA COTTRELL

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LOWNDES** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jeanetta Cottrell, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Jeanetta Cottrell.  I serve as a correctional officer for the Lowndes County, Alabama Detention Facility, where I am a Lieutenant.  I am over the age of nineteen and competent to make this affidavit.

2.    Officer Lee arrived at the Lowndes County Jail between 1:30 and 2:00 p.m. on January 22, 2007.  After being confronted by Officer Lee, Sergeant Lakisha Bolling, and myself, Inmate Allen complied with orders, and we escorted him from the dormitory area of the jail to a holding cell in the booking area.  Mr. Allen was being moved from the cell in the dorm area due to the fact that he had damaged a window and a light fixture in cell 8-4.  Before

being moved, Allen was allowed to gather his possessions into a storage bin, and carry these with him to the booking area.

      3.    After Mr. Allen had been placed in the holding cell, Officer Bolling and I took his property box to the property room where any appropriate items could be stored. We looked through the box to be sure that no weapons were present, and, when we were satisfied that this was so, it was determined that Mr. Allen could have his property back after he calmed down. Contrary to the assertions in the Plaintiff's Complaint, we never took the property box to the nurse's area, and never read any contents of any mail, legal or otherwise, that was in Allen's property box.

      4.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

      5.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

      6.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

7.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_Jeanetta Cottrell_
JEANETTA COTTRELL

SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

NOTARY PUBLIC
My Commission Expires: April 6, 2010

(SEAL)

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 2:07-cv-90-ID-WC** |
| | ) | |
| **WILLIE VAUGHNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF LAKISHA BOLLING

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LOWNDES** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Lakisha Bolling, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Lakisha Bolling.  I serve as a correctional officer for the Lowndes County, Alabama Detention Facility and have attained the rank of Sergeant.  I am over the age of nineteen and competent to make this affidavit.

2.      Officer Lee arrived at the Lowndes County Jail between 1:30 and 2:00 p.m. on January 22, 2007.  After being confronted by Officer Lee, Lieutenant Jeanetta Cottrell, and myself, Inmate Allen complied with orders, and we escorted him from the dormitory area of the jail to a holding cell in the booking area.  Mr. Allen was being moved from the cell in the dorm area due to the fact that he had damaged a window and a light fixture in cell 8-4.  Before being

moved, Allen was allowed to gather his possessions into a storage bin, and carry these with him to the booking area.

3.    After Mr. Allen had been placed in the holding cell, Officer Cottrell and I took his property box to the property room where any appropriate items could be stored. We looked through the box to be sure that no weapons were present, and, when we were satisfied that this was so, it was determined that Mr. Allen could have his property back after he calmed down. Contrary to the assertions in the Plaintiff's Complaint, we never took the property box to the nurse's area, and never read any contents of any mail, legal or otherwise, that was in Allen's property box.

4.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

5.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

6.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

2

7.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
LAKISHA BOLLING

SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

_____
NOTARY PUBLIC
(SEAL)                                    My Commission Expires: _____

3

# Exhibit 1
# Alabama Uniform Arrest Report, Consolidated Appearance Bond, Request for Hold, Order for Inmate Return, and Alabama Uniform Arrest Report noting Release

ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R&I Completed |
|---|---|
| ① No | ① No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| AL0450000 | LOWNDES | 101206-17322 | |

**IDENTIFICATION**

| 5 LAST, FIRST, MIDDLE NAME | | 6 ALIAS AKA |
|---|---|---|
| ALLEN    ROBERT    LEE | | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒M ☐F | ☐W ☒B A | 0603 | 0185 | BRO | BLK | MED | ☐SCARS | ☒MARKS | ☐TATOOS | ☐AMPUTATIONS | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| PRATTVILLE, AL | 2 6 7 - 7 5 - 5 6 9 1 | 0 9 0 6 6 4 | 42 | |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | NA | NA |
| 21 FBI # | HENRY CLASS | | | | | | | 25 IDENTIFICATION COMMENTS | |
| | NCIC CLASS | | | | | | | N/A | |

| 26 ☐ RESIDENT  ☒ NON–RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 1025 BLUEBERRY LN PRATTVILLE  AL 36105 | (334) 361-5408 | NA |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| UNEMPLOYED | NA | NA ( ) |

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☒ YES ☐ NO |
|---|---|---|
| LCDF | | ☐ IN STATE ☐ OUT OF STATE |

| 36 CONDITION OF | ☐ DRUNK | ☒ SOBER | 37 RESIST ARREST? | 38 INJURIES? ☒ NONE | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|---|---|
| ARRESTEE: | ☐ DRINKING | ☐ DRUGS | ☐ YES ☒ NO | ☐ OFFICER ☐ ARRESTEE | ☐ Y ☒ N | ① HANDGUN    ④ OTHER FIREARM |
| | | | | | | ② RIFLE    ⑤ OTHER WEAPON |
| | | | | | | ③ SHOTGUN |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 1 0 1 2 0 6 | 7:17 ☒AM ☐PM ☐MIL. | ⑤ ⓜ ⓣ ⓦ ⓣ ⑥ ⑤ | ①ON VIEW ②CALL ③WARRANT | ☒ YES ☐ NO ☐ UNKNOWN |

| 46 CHARGE–1 ☒ FEL ☐ MISD | 47 UCR CODE | 48 CHARGE–2 ☐ FEL ☐ MISD | 49 UCR CODE |
|---|---|---|---|
| THEFT OF PROPERTY 1ST | 2305 | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 56 CHARGE–3 ☐ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE–4 ☐ FEL ☐ MISD | 59 UCR CODE |
|---|---|---|---|
| | | | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ☒ HELD    ☐ TOT–LE | | |
| ② BAIL    ③ OTHER | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |
| ③ RELEASED | | |

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 78 VIN | 79 IMPOUNDED? ☐YES ☐NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|
| | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|
| | |

**JUVENILE**

| 82 JUVENILE DISPOSITION | ① HANDLED AND RELEASED    ③ REF. TO WELFARE AGENCY    ⑤ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|
| | ② REF. TO JUVENILE COURT    ④ REF. TO OTHER POLICE AGENCY | |

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|
| | | |

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|
| | | | |

**RELEASE**

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 1 2 1 0 0 7 12:31 ☐AM ☐PM ☐MIL. | Sgt R. Brittlen | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|
| Autanga Co | SO | SO |

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # PO BOX 157 Hayneville AL. 36040 |
|---|---|---|
| | | |

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | LOC #, STATE #, STATE # |
|---|---|---|
| SGT. MONICA S. EDWARDS | | |

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|
| VAUGHNER, WILLIE (SHERIFF) | 200 | | | | |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC–34 REV. 10-90

CONSOLIDATED APPEARANCE BOND
(District Court, Grand Jury, Circuit Court)

Form CR-10 Rev. 8/98

IN THE _Circuit_ COURT OF _Lowndes_, ALABAMA
(Circuit or District)                          (Name of County)

STATE OF ALABAMA  v. _Robert Allen_
                                    Defendant

I, _Robert Allen_ (Defendant), as principal,
and I (we), _____
            (Please print)
_____, as surety(ies), agree
to pay the State of Alabama the sum of $ _20,000_ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on _____ (date) at _____ M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of
_Rec. Stolen Property 1st_, or any other charge as authorized by law.
We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.
It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.
Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant _Robert Allen_ | | (L.S.) |
|---|---|---|
| Address (print) _1025 Solberry Lane_ | City _Prattville_ | State _AL_  Zip _36067_ |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | |
| Social Security Number    Telephone Number | Social Security Number    Telephone Number | |
| Address (print)    City    State    Zip | Address (print)    City    State    Zip | |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | |
| Social Security Number    Telephone Number | Social Security Number    Telephone Number | |
| Address (print)    City    State    Zip | Address (print)    City    State    Zip | |

_Willie Vaughner_
Approved by: Judge/Magistrate/Sheriff

_Feb 7, 2007_                 _Capt. Xena Gus_
Date                          By: Deputy Sheriff

| Defendant's Information | | | | |
|---|---|---|---|---|
| Date of Birth _9/6/1964_ | Sex _M_ | Height _6'3_ | Weight _195_ | Employer |
| Social Security Number _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_ | Race _Blk_ | Hair _Blk_ | Eyes _Bro_ | Employer's Address |
| Driver's License Number    State ( ) | Telephone Number _(334) 361-5408_ | | | Employer's Telephone Number |

COURT RECORD: Original          DEFENDANT: Copy          SURETY: Copy

2EX.10:43 02/07/2007 9860037
AM.AL0040002.AL0450000,AL0450001,AL0040000.

                    URGENT NOTICE OR REQUEST
TO:LOWNDES COUNTY JAIL
REF: ROBERT LEE ALLEN B/M 9-1-64
PLEASE PLACE A DETAINER ON THIS PERSON WE HOLD WARRANTS ON THIS PERSON
PICKUP WHEN HE IS READY TO BE RELEASED.
AUTH/SHERIFF JOHNSON
SEQ # 0060 MRI # 9860037

Ac-
Tuesday

IN THE DISTRICT COURT OF AUTAUGA COUNTY

STATE OF ALABAMA    VS ALLEN ROBERT LEE

WHEREAS, ON SEPTEMBER 21, 2006, AN ORDER WAS DULY MADE BY

PHILLIP W WOOD                OF THE DISTRICT COURT OF THIS COUNTY AND

ISSUED BY THE CLERK OF SAID COURT COMMANDING YOU TO HAVE

ALLEN ROBERT LEE (B;M;09011964;AIS#: 0 0), A STATE CONVICT,

PRESENTLY HOUSED AT *Lowndes Co* BEFORE SAID COURT ON OCTOBER   12, 2006

IN A CAUSE NOW PENDING IN SAID COURT WHEREIN THE STATE OF ALABAMA IS

PLAINTIFF AND THE TESTIMONY OF THE ABOVE NAMED PRISONER BEING MATERIAL

*cert copy* AND NOT OBTAINABLE FROM ANY OTHER SOURCE.

    TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
    YOU ARE COMMANDED TO HAVE THE ABOVE NAMED PRISONER BEFORE SAID
COURT ON SAID DAY ACCORDING TO THE MANDATE OF THIS WRIT.

    THEREAFTER, IT IS ORDERED THAT THE SHERIFF OF THIS COUNTY OR ANY OF
HIS DEPUTIES, RETURN SAID DEFENDANT TO THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS IMMEDIATELY UPON COMPLETION OF THE SCHEDULED COURT PROCEEDINGS,
AND THE DEPARTMENT OF CORRECTIONS IS ORDERED TO RECEIVE SAID DEFENDANT UPON
HIS RETURN.

    IN TESTIMONY WHEREOF, I HAVE SET MY HAND THIS SEPTEMBER 21, 2006

                        *Phillip W Wood*
                        *District Judge*

8:30 A.M.  BENCH TRIAL
CRIMINAL TRESPASS 3RD - 13A-007-004

---

ACR365                ORDER FOR INMATE RETURN          DC 2006 000214.00

IN THE DISTRICT COURT OF AUTAUGA COUNTY

STATE OF ALABAMA    VS ALLEN ROBERT LEE

WHEREAS, ON SEPTEMBER 21, 2006, AN ORDER WAS DULY MADE BY

PHILLIP W WOOD                OF THE DISTRICT COURT OF THIS COUNTY AND

ISSUED BY THE CLERK OF SAID COURT COMMANDING YOU TO HAVE

ALLEN ROBERT LEE (B;M;09011964;AIS#: 0 0), A STATE CONVICT,

PRESENTLY HOUSED AT _____ BEFORE SAID COURT ON OCTOBER   12, 2006

IN A CAUSE NOW PENDING IN SAID COURT WHEREIN THE STATE OF ALABAMA IS

PLAINTIFF AND THE TESTIMONY OF THE ABOVE NAMED PRISONER BEING MATERIAL

AND NOT OBTAINABLE FROM ANY OTHER SOURCE.

    TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
    YOU ARE COMMANDED TO HAVE THE ABOVE NAMED PRISONER BEFORE SAID
COURT ON SAID DAY ACCORDING TO THE MANDATE OF THIS WRIT.

    THEREAFTER, IT IS ORDERED THAT THE SHERIFF OF THIS COUNTY OR ANY OF
HIS DEPUTIES, RETURN SAID DEFENDANT TO THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS IMMEDIATELY UPON COMPLETION OF THE SCHEDULED COURT PROCEEDINGS,
AND THE DEPARTMENT OF CORRECTIONS IS ORDERED TO RECEIVE SAID DEFENDANT UPON
HIS RETURN.

    IN TESTIMONY WHEREOF, I HAVE SET MY HAND THIS SEPTEMBER 21, 2006

            WHIT MONCRIEF                        CLERK

8:30 A.M.  BENCH TRIAL
CRIMINAL TRESPASS 3RD - 13A-007-004

Case 2:07-cv-00090-ID-WC Document 28-2 Filed 06/04/2007 Page 6 of 34

# ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| ☐ Yes | ☐ Yes |
| ☒ No | ☒ No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

## IDENTIFICATION

| 1 ORI# | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| AL0450000 | LOWNDES | 080806-17322 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| ALLEN ROBERT LEE | NA |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒M ☐W ☐A ☐F ☐B ☐I | | 603 | 185 | BRO | BLK | MED | | ☐SCARS | ☐MARKS | ☐TATOOS | ☐AMPUTATIONS |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| PRATTVILLE AL. | 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 | 090664 | 42 | |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | NA | NA |

| 24 FBI # | HENRY CLASS | | 25 IDENTIFICATION COMMENTS |
|---|---|---|---|
| | NCIC CLASS | | NA |

| 26 ☐ RESIDENT ☒ NON–RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) 1025 BLUEBERRY LN PRATTVILLE AL.36105 | 28 RESIDENCE PHONE (334) 361-5408 | 29 OCCUPATION (BE SPECIFIC) NA |
|---|---|---|---|

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) UNEMPLOYED | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) NA | 32 BUSINESS PHONE NA ( ) |
|---|---|---|

## ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) CO. RD. 40 | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☒ YES ☐ NO ☐ IN STATE ☐ OUT STATE AGENCY |
|---|---|---|

| 36 CONDITION OF ARRESTEE: | ☐ DRUNK ☐ DRINKING | ☒ SOBER ☐ DRUGS | 37 RESIST ARREST? ☒ YES ☐ NO | 38 INJURIES? ☒ NONE ☐ OFFICER ☐ ARRESTEE | 39 ARMED? ☐ Y ☒ N | 40 DESCRIPTION OF WEAPON ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ OTHER FIREARM ☐ OTHER WEAPON |
|---|---|---|---|---|---|---|

| 41 DATE OF ARREST 080806 | 42 TIME OF ARREST 7:09 ☐ 1 AM ☒ 2 PM ☐ 3 MIL. | 43 DAY OF ARREST ☐S ☒M ☐T ☐W ☐T ☐F ☐S | 44 TYPE ARREST ☐1 ON VIEW ☐2 CALL ☐X WARRANT | 45 ARRESTED BEFORE? ☒ YES ☐ NO ☐ UNKNOWN |
|---|---|---|---|---|

| 46 CHARGE–1 ☒ FEL ☐ MISD THEFT OF PROPERTY 1ST | 47 UCR CODE 2305 | 48 CHARGE–2 ☐ FEL ☐ MISD | 49 UCR CODE |
|---|---|---|---|

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|

| 56 CHARGE–3 ☐ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE–4 ☐ FEL ☐ MISD | 59 UCR CODE |
|---|---|---|---|

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|

| 66 ARREST DISPOSITION ☒ HELD ☐ BAIL ☐ RELEASED ☐ TOT–LE ☐ OTHER | 67 IF OUT ON RELEASE WHAT TYPE? Autauga Co. | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐ YES ☐ NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

## JUVENILE

| 82 JUVENILE DISPOSITION: | ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|

## RELEASE

| 91 DATE AND TIME OF RELEASE 010807 ☐1 AM ☒2 PM ☐3 MIL. | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION SO | 94 ID # |
|---|---|---|---|

| 95 RELEASED TO: Autauga Co. | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS P.O. box157 Hayneville AL 736040 |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|

| | LOCAL USE |
|---|---|
| | STATE USE |

| 102 SIGNATURE OF RECEIVING OFFICER CPL. L.TAYLOR | 103 SIGNATURE OF RELEASING OFFICER Sgt Cottrell |
|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) INV.LEE | 112 ID # 205 | 113 ARRESTING OFFICER (LAST, FIRST, M.) DEP.HARRIS | 114 ID # 208 | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

# Exhibit 2
# Lowndes County Sheriff's Office Incident Report

**LOWNDES COUNTY SHERIFF'S DEPARTMENT**

**INTERVIEW SHEET**

| 1. NAME (Last, First, Middle) | | | | 2. FILE NUMBER |
|---|---|---|---|---|
| Lee Lenny Martezz Sr. | | | | |

| 3. ALIAS(ES)/NICKNAME(S) | | 4. DATE | 5 T T 5 | TIME | 5. PLACE OF INTERVIEW |
|---|---|---|---|---|---|
| | | 2/9/07 | M W F | 10:00 Am | John Hulett Detention Facility |

| 6. HOME ADDRESS | | 7. HOME PHONE |
|---|---|---|

| 8. NAME & ADDRESS OF EMPLOYER | 9. BUSINESS PHONE |
|---|---|
| Lowndes County SO PO Box 151 Hayneville Al 36040 | 334 548-2597 |

| 10. RACE | 11. SEX | 12. D.O.B. | 13. P.O.B. | 14. SOC | 15. DLN | 16. STATE |
|---|---|---|---|---|---|---|
| BLK | M | | | | | |

| 17. HGT | 18. WGT | 19. HAIR | 20. EYES | 21. SCARS, MARKS, TATTOOS, AMPUTATIONS | |
|---|---|---|---|---|---|

| 22. VEH. YEAR | 23. MAKE | 24. MODEL | 25. COLOR | 26. VIN | 27. LICENSE | 28. STATE |
|---|---|---|---|---|---|---|

**29. STATEMENT**

On 1/22/07 between 1:30 and 2:00 pm Mr Robert Allen was escorted from the Dorm Cell that he had been Confined to by Me, Investigator Lenny Lee, Sgt. B. Taylor and Officer J. Cottrell, to a holding Cell in the booking area. Mr Allen Was Moved because of damage that had been Caused to the Window of Cell A-4 along with damage to a light fixture. Robert Allen was allowed to gather his Possessions and was advised to go to the booking area and place his items on the floor near a Wall. Mr Allen was then instructed to go into holding Cell B-K3. Mr Allen proceeded toward the Cell as initially instructed but stopped a few steps short and turned around to go to his Personal Property bag that was on the floor. Mr Allen Was then advised by Me to go on into the Cell. Mr Allen Refused to Obey My instruction. I then advised Mr Allen again

| 30. A/C/A/C/C CHECK | | | 31. FINGERPRINTED | YES ☐ NO ☐ | BY WHAT AGENCY: | | |
|---|---|---|---|---|---|---|---|
| YES ☑ NO ☐ | | | PHOTOGRAPHED | YES ☐ NO ☐ | BY WHAT AGENCY | | |

| 32. SUBJECT | VICTIM | WITNESS | 33. DATE ENDED | TIME ENDED | | 34. INTERVIEW CONDUCTED BY: |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | | | AM | |
| RIGHTS GIVEN BY: | | | | | PM | |

| | | 35. PAGE 8 OF 8 | 36. EXHIBIT NO. |
|---|---|---|---|

## LOWNDES COUNTY SHERIFF DEPARTMENT

to go on into the Holding Cell. Mr Allen started to reach out toward his Property box at this time I Presented my taser to Mr Allen. I advised him to step away from his box and go into his Cell. Mr Allen at this Point began to argue about some type of legal Papers that where in his Possession. I then turned on my taser and held it at the ready Position. Mr Allen then Proceeded into the Cell. Mr Allen Was then locked in his Cell.

I Presented Mr Allen with my taser because of the fear of Jail Made weapons Called "Shanks". I had no idea What Mr Allen true intentions Were for trying to go into his belongings I Personally Witnessed Mr Allen assault several officers With an automobile While attempting to flee from deputies in a Stolen Vehicle. It Was and is My Judgement that Caution Should be used When handling any inmate of this Nature. At No Point Was My taser deployed on Mr Allen.

Inv. Denny M. Lee LCSD

Signed

N/S

Sworn to and subscribed before me this 9th day of February 2007

Stephany P. Jones

Notary Public

Commission Expires: 11-3-2010

**Exhibit 3**
**Inmate Request Forms dated 09/12/06; 09/06/06;**
**09/07/06; 09/08/06; 09/14/06; 08/18/06; 08/10/06 and**
**09/19/06**

# INMATE REQUEST FORM

**DATE:** 9/12/06      **TIME:** 0600 HR

**NAME:** Robert Allen    **BOOKING#** _____ **CELE#** A-1

Please check ONLY ONE of the following:

___ GRIEVANCE      ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY      ___ PROPERTY
___ LAUNDRY      ___ VISITATION
___ CHARGES/ BOND INFORMATION      ___ MAIL
___ MONEY INFORMATION      ___ OTHER

Briefly state your request then give to an officer

Spider Bite on Stomach And not
using the Bathroom 18 days
This is my last Request I Am putting
in About this Matter

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
       REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN

DATE: _____      TIME: _____

_____

_____

_____

_____

     Action taken by: _____
                  Signature

Note: Please print all information.

Name: Robert Allen          Cell: A-1

Date: 9/6/06          Time: _____

SSN: 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   DOB: 9/16/06          Race/Sex: B M

Please check one of the following:

___ Appeal of Grievance/Disciplinary          ___ Court Date Information

___ Bond Information          ✓ Medical Information

___ Charges Information          ___ Classification Information

___ Commissary / Money Clerk Information          ___ Visitation Information

___ Request To Visit Law Library

Briefly State Your Request Then Give To Jail Officer

I Havent been to the bath room
In 10 Days I need to see you right Away
to resolve this matter my Stomach feels like I
Got A Brick inside of it
Thank you for your speedy cooperation
in this matter

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request: _____

Date: _____   Time: _____

Date _____          ACTION TAKEN          Time: _____

INMATE REQUEST FORM

**DATE:** 9/07/06          **TIME:** 6:00
**NAME:** Robert Allen     **BOOKING#** _____     **CELL#** A-1

**Please check ONLY ONE of the following:**

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

**Briefly state your request then give to an officer**

I still haven't went to the Bathroom
the Fiber Laxitive did not work

_____
_____
_____

# DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN

DATE: _____          TIME: _____

_____
_____
_____

# INMATE REQUEST FORM

DATE: 9/8/06 _____    TIME: 8:00 _____
NAME: Robert Allen _____  BOOKING# _____  CELL# A-1

Please check ONLY ONE of the following:

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

Briefly state your request then give to an officer

A Spider bite on my stomach
2 times
_____
_____
_____
_____

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST _____ DATE: _____ TIME: _____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

### ACTION TAKEN

DATE: _____              TIME: _____

_____
_____
_____
_____

        Action taken by: _____
                              Signature

# INMATE REQUEST FORM

DATE: 9/14/06     TIME: 0600

NAME: Robert Allen     BOOKING# _____   CELL# A-1

Please check ONLY ONE of the following:

___ GRIEVANCE              ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY    ___ PROPERTY
___ LAUNDRY                ___ VISITATION
___ CHARGES BOND INFORMATION   ___ MAIL
___ MONEY INFORMATION        ___ OTHER

Briefly state your request then give to an officer

I Need to Go And see A Doctor
for this Spider Bite

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
     REQUEST Sgt. Cottrell   DATE 9-14-06 TIME: 7:35

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN

DATE: _____             TIME: _____

Action taken by: _____
                Signature

Note: Please print all information.

Name: Robert Lee Allen          Cell: A-1

Date: 8/18/06                    Time: 0900 HRS

SSN: 267-75 569/DOB: 9/1/64      Race/Sex: BlK/ m

Please check one of the following: 3

___ Appeal of Grievance/Disciplinary      ✓ Court Date Information

___ Bond Information                       ✓ Medical Information

___ Charges Information                    ___ Classification Information

___ Commissary / Money Clerk Information   ___ Visitation Information

              ✓ Request To Visit Law Library    Thank you!
                                                  For your cooperation
          Bietly State Your Request Then Give To Jail Officer

Severe   Head Aches

_____

_____

_____

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

_____

Officer Recieving Request: _____
                           Date:_____ Time:_____
------------------------------------------------------------
                    ACTION TAKEN        Time:_____

# LOWNDES COUNTY DETENTION FACILITY
## INMATE REQUEST FORM

Note: Please print all information.

Name: Robert Allen          Cell: BK 2

Date: 8 / 10 / 06           Time: _____

SSN: 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   DOB: 9/1/64   Race/Sex: B / m

Please check one of the following:

__ Appeal of Grievance/Disciplinary        __ Court Date Information

__ Bond Information                        ✓ Medical Information

__ Charges Information                     __ Classification Information

__ Commissary / Money Clerk Information    __ Visitation Information

            __ Request To Visit Law Library

Biefly State Your Request Then Give To Jail Officer

I Got Hit in the eye After being Arrested And i can't see nothing but shawdows out of it its been 3 days Ago when it happen I had surgery on that eye it was remove And put back in to take out (A Tumor whit maligma Transfar mation

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request: _____

                    Date: _____    Time: _____

Date: _____       ACTION TAKEN    Time: _____

# INMATE REQUEST FORM

DATE: 9/18/06     TIME: 0600

NAME: Robert Allen    BOOKING# _____ CELL# A-1

Please check ONLY ONE of the following:

___ GRIEVANCE              ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY    ___ PROPERTY
___ LAUNDRY               ___ VISITATION
___ CHARGES BOND INFORMATION   ___ MAIL
___ MONEY INFORMATION       ✓ OTHER

Briefly state your request then give to an officer

I would like to speak with the Chief
URGent!



Thank You!

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
     REQUEST Sgt. Cottrell   DATE: 9-19-06 TIME: 7:58

The receiving officer will route all Inmate Request Forms to the appropriate **supervisor or** to administration for disposition.

ACTION TAKEN

DATE: _____           TIME: _____

_____

     _____
          Signature

# Exhibit 4
## Prescription for Robert Allen dated 09/10/06

HEALTH SERVICES, INC.

| Autaugaville Family Health Center 203 N. Taylor Street Autaugaville, AL 36003 (334) 365-4524 DEA: AH 330681 ◆ Medicaid No. 60027 | Clanton Family Health Center 104 Popwell Avenue Clanton, AL 35045 (205) 755-3980 | Lowndes County Health Services Association 100 Oak Street Hayneville, AL 36040 (334) 548-2516 | Goodwater Family Health Center 252 South Main St Goodwater, AL 35072 (256) 839-1758 | Eclectic Family Health Center 145 Main Street Eclectic, AL 36024 (334) 541-2116 |

DEA: BM 3975581 ◆ Medicaid No. 02635

Medical Dept. Physicians

Name: Robert Allen          Date: 9/20/06

Address:

| | mg./cc. | NO. | SIG. | Ref. |
|---|---|---|---|---|
| Doxepin | 50mg | 90 | I P-b Tid | 0 |
| Metamucil | — | 1 box | I Tablespoon 2x day | |
| Do not Fill | | | | |

☐ DRUG TOTAL

| Seema Maheshwari, M.D. 22924 | Oluyinka Adediji, M.D. 24570 | Gabbriel U. Nazareno, M.D. 23197 | F. David Jones, CRNP 1-073567-1810 |
|---|---|---|---|
| George G. Thomas, M.D. 11533 | Vanessa Brown, CRNP 1-04018Y-1193 | | |

Label all prescriptions
NO REFILLS
DEA NO: _____

_Product Selection Permitted_                    Dispense as written

HSI Form 232 (old 001)

| RELEASE/ DC | NAME | DRUG | STOP DATE | GROUP | RX# |
|---|---|---|---|---|---|
|  | ALLEN, ROBERT | DOXEPIN 50MG CAPSULE | 10/21/2006 | LA | 6464791 |

Signiture _____

**Exhibit 5**
**Inmate Request Forms dated 08/31/06 and 08/25/06**

# INMATE REQUEST FORM

**DATE:** 8/31/86        **TIME:** 0700

**NAME:** Robert Allen      **BOOKING#** _____    **CELL#** A-1

**Please check ONLY ONE of the following:**

___ GRIEVANCE                    ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            _✓_ OTHER

Briefly state your request then give to an officer

I need my Case # number
you said you would give it to me today
if i turn this Request form in

Thank you Kindly

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST _____ DATE: 8/31/06 TIME: 6:41 AM

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

## ACTION TAKEN

DATE: 8/31/06                    TIME: _____

Charge: Theft of Property 1ST $20,000.00

_____

Action taken by: _____
                        Signature

# INMATE REQUEST FORM

DATE: _8/25/06_     TIME: _11:24_

NAME: _Robert Allen_   BOOKING# _____   CELL# _A-1_

Please check ONLY ONE of the following:

___ GRIEVANCE                    ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
✓ CHARGES/ BOND INFORMATION      ___ MAIL
___ MONEY INFORMATION            ___ OTHER

### Briefly state your request then give to an officer

What Am i Charge with whether its A felony
or misdemeaner i would like to Know
What charges Also I want to know what other StAte AN local
are if
Any Agency that has holds on me. And i need to Know
My case number. Thank you Kindly for your Cooperation

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST _Cpl. L Bruton_  DATE:_8/24/06_ TIME:_143_

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

## ACTION TAKEN

DATE: _____          TIME: _____

_____

_____

_____

_____

Action taken by: _____
                            Signature