IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT LEE ALLEN, #209 274          *

    Plaintiff,                              *

        v.                                       *          2:07-CV-90-ID
                                                                           (WO)

MR. WILLIE VAUGNER, *et al*.,         *

    Defendants.                           *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robert Lee Allen, an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, filed this 42 U.S.C. § 1983 action on January 31, 2007.[1] He brings this complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at the Lowndes County Jail in Hayneville, Alabama. Plaintiff names as defendants Captain Laura Gresham, Jeanette Cottrell, Kiki Lawson,[2] Lenny Lee, and Sheriff Willie Vaughner.[3] Plaintiff requests trial by jury and seeks damages and injunctive relief. (*See Doc. Nos. 1, 13*.)

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report,

---

[1] Plaintiff was incarcerated at the Lowndes County Jail when he filed this action.

[2] Identified by Defendants as "Lakesha Lawson Bolling."

[3] During the pendency of this action Sheriff Vaughner passed away.

Defendants assert this case is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant complaint, Plaintiff failed to exhaust the administrative remedies available to him during his incarceration at the Lowndes County Jail via the jail's inmate grievance procedure as he failed to file any type of grievance about the allegations made the basis of his complaint. (*Doc. No. 28 at pgs. 11-12*.)

In accordance with the orders of the court (*see Doc. No. 29*), Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible."). This case is now pending before the court on Defendants' motion for summary judgment and Plaintiff's opposition thereto. (*Doc. Nos. 28, 30, 35*.) Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment is due to be granted and this case dismissed with prejudice as Plaintiff failed to exhaust an available administrative remedy.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[4] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative

---

[4] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555,

1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude

entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this

court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff challenges various conditions to which he was exposed during his incarceration at the Lowndes County Jail between August 2006 and February 2007.[5] Specifically, Plaintiff complains that: 1) for reasons not made known to him he was placed in an isolation cell but believes it was in retaliation for a previous lawsuit he filed against Lowndes County Jail officials; 2) Defendant Lee pointed a taser gun at him and threatened to shoot him if he refused to enter the isolation cell; and 3) jail officials went through his legal mail and legal papers without his permission and outside of his presence. (*Doc. Nos. 1, 13*.)

In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Plaintiff failed to exhaust the administrative remedies available to him at the Lowndes County Jail via the jail's inmate grievance procedure. (*See Doc. No. 28, Gresham, Vaughner, Lee, and Cottrell Affidavits; Doc. No. 32, Bolling Affidavit.*)

---

[5]During this period of time Plaintiff was transferred to the Autauga County Jail where he spent a relatively brief period of time. (*See Doc. No. 25.*)

7

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Id*. at 93 (emphasis added).

The Supreme Court in *Woodford* determined proper exhaustion means that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. 548 U.S. at 93-95. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a

federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 93. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. at 95; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Woodford*, 548 U.S. at 95. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released

9

from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

In support of their exhaustion argument, Defendants affirm that, at all times relevant to this litigation, the Lowndes County Jail maintained an inmate grievance procedure. (*Doc. No. 28, Gresham Affidavit*.) This administrative remedy is available to all Lowndes County Jail inmates, including Plaintiff at the time of his incarceration there. (*Id*.) Defendants contend that, per standard operating procedure, all inmate requests/grievances submitted by Plaintiff were placed in his inmate file. (*Id. and Vaughner, Lee, and Cottrell Affidavits; Doc. No. 32, Bolling Affidavit*.) Defendants do not recall receiving any requests or complaints from him regarding the matters made the subject of his complaint. (*Id. and Exhs. 3, 5*.) In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Lowndes County Jail.[6] (*Doc. Nos. 30, 35*.) Rather, Plaintiff maintains that he filed grievances/request forms about everything he complains of in his complaint but that Defendants failed to submit with their dispositive motion all the grievance and request forms he filed. (*Id*.) Plaintiff further challenges the manner in which his inmate request forms were handled by claiming that most of the request forms submitted by Defendants in support of their dispositive motion do not have a receiving officer's signature and fail to indicate what, if any, action was taken with respect to the grievance/request forms he did file. (*Id*.)

---

[6]To the extent Plaintiff complains in his opposition about matters and events neither raised nor presented in the original or amended complaints (s*ee Doc. Nos. 1, 13*), such claims and/or issues are not properly before the court. Plaintiff is free, however, to file a separate civil action with respect to such matters.

The record in this case establishes that the Lowndes County Jail provides a grievance procedure for inmate complaints. It is undisputed that inmates are informed of the jail's grievance process upon being booked into the jail and receive a copy of the jail's rules and regulations. Members of the Lowndes County Jail staff receive and answer written grievances submitted by inmates. Jail staff are charged with the responsibility of receiving and forwarding written grievances to the appropriate authority. The officer receiving the request must answer the request, if possible. Defendants maintain that Plaintiff has filed no grievances concerning the allegations made in the instant complaint.[7] (*See Doc. No. 28, Exhs. 3, 5 and Gresham Affidavit*.)

Plaintiff relies on his own conclusory allegations submitted in response to Defendants' dispositive motion that he complied with the jail's administrative remedies by filing grievances about everything about which he complains in this matter as well as filing grievances about everything that he felt denied him his rights or were wrongs committed by jail staff. (*Doc. Nos. 30, 35*.) Plaintiff indicates he cannot produce inmate grievances if they

---

[7]Defendants' evidentiary material shows that Plaintiff submitted inmate request forms with respect to having been bitten by a spider, difficulty with bowel movements, headaches, an eye injury, and the nature of the charges against him. (*See Doc. No. 28, Exhs. 3, 5*.) The court notes that the inmate request forms provided by the county jail contain a listing of "event codes," so to speak, whereby an inmate may place a check mark next to the event code to reflect the nature of his/her request. Thus, inmates can indicate on the request form whether it is submitted as a grievance, a medical/dental request, appeal of a disciplinary/grievance, a request for bond information, charge information, commissary/money clerk information, court date information, visitation information, or commissary information, a request to visit law library, and/or "other." (*Id*.) None of Plaintiff's inmate request forms reflect that he submitted them as a grievance. Rather, he marked his requests as either medical, other, charge/bond information, law library visit, or court date information. (*Id*.) Assuming, *arguendo*, that the inmate request forms submitted by Plaintiff may properly be considered grievances regarding the conditions of his confinement, there is no indication that he filed a grievance or grievance appeal with respect to the allegations made the subject matter of the instant action. (*Id*.)

11

were not looked at or signed and questions the court's acceptance of Defendants' evidence. (*Id*.) Defendants contradict these claims maintaining that Plaintiff's jail file contains copies of the inmate request forms he did submit; that the internal grievance procedure at the Lowndes County Jail is available to all inmates, including Plaintiff; that all inmates, including Plaintiff may submit grievances; and that all inmate grievances are acted upon, if possible. (*Doc. No. 28, Exhs. 3, 5 and Gresham Affidavit*.) Defendants' evidentiary materials further support their contention that Plaintiff failed to file any grievance with respect to the conditions about which he complains in the instant cause of action. (*Id*.)

This court may properly resolve this factual issue relating to exhaustion, *see Bryant,* 530 F.3d at 1374, and finds that the facts do not support Plaintiff's interference/futility arguments. As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and may not be waived by the court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ); *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.

The unrefuted evidence filed in this matter shows that Plaintiff was familiar with the Lowndes County Jail's administrative grievance procedure and that he had sought administrative relief on various issues during his incarceration at the facility. The court has

12

carefully reviewed the pleadings, documents, and records filed herein and finds that Plaintiff has failed to make a colorable showing that he properly exhausted the administrative remedies available to him at the county jail or demonstrated that he was denied access to those administrative procedures during his incarceration at the facility. Other than his self-serving statements, there is no record or documentation that Plaintiff made any complaints against Defendants about the matters made the subject of this action. Plaintiff simply states that he filed grievances "about everything" but claims that Defendants did not submit copies of all the grievances he filed. He provides no other facts or evidence, however, which tend to establish that he took advantage of and/or properly exhausted the administrative remedies available to him at the Lowndes County Jail with respect to those allegations made the basis of the instant complaint. *See Kozuh v. Nichols*, 2006 WL 1716049 at *2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was 'thwarted' when officials refused to respond to his grievances, leaving the grievance procedure unavailable" and noting that inmate had filed numerous informal complaints). Based on the foregoing, the court concludes that the claims for relief presented in this cause of action are subject to dismissal with prejudice as Plaintiff failed to exhaust an available administrative remedy which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94; *see Bryant*, 530 F.3d at 1375 n.11; *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no special circumstances justified the failure to

exhaust.).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc. No. 28*) be GRANTED to the extent Defendants seek dismissal of this case for Plaintiff's failure to exhaust available administrative remedies;

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Lowndes County Jail.

It is further

ORDERED that on or before **March 12, 2009** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 27th day of February 2009.

        /s/ Wallace Capel,Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE